UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FATIMA ASLAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-2132 (ABJ) |
| | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

On July 18, 2019, plaintiff Fatima Aslam filed a complaint seeking to compel the United States Department of Homeland Security ("DHS"), the United States Citizenship and Immigration Service ("USCIS"), the United States Consulate in Islamabad, Pakistan, the United States Department of State ("DOS"), and the heads of those organizations,[1] to adjudicate a spousal visa for her husband, Muhammad Zulqarnain.  *See* Compl. [Dkt. # 1].  The complaint includes two causes of action:  Count One alleges that the decision on the visa application has been unreasonably delayed in contravention of law, and Count Two alleges that the defendants' failure to act violates the plaintiff's due process rights under the Fifth Amendment to the U.S. Constitution.

---

1   Plaintiff originally sued Kevin K. McAleenan, Acting Secretary of Homeland Security, Kenneth T. Cuccinelli, Director of USCIS, Paul Jones, Charge d'Affaires of the United States at the U.S. Consulate in Islamabad, Pakistan, and Michael Pompeo, Secretary of State. Compl. at 1–2.  Alejandro Mayorkas is now the Secretary of Homeland Security, Tracy Renaud is the Senior Official Performing the Duties of USCIS Director, Angela Aggeler is the Charge D'Affaires at the U.S. Consulate in Islamabad, Pakistan, and Antony Blinken is Secretary of State.  They are automatically substituted pursuant to Federal Rule of Civil Procedure 25(d), and the docket has not yet caught up with the changes in personnel.

Compl. ¶¶ 23–41.  Plaintiff asks the Court to issue a writ of mandamus ordering the issuance of an immigrant visa or, alternatively, to order defendants to complete all administrative proceedings within sixty days.  *See* Request for Relief, Compl. [Dkt. # 1], at 9.[2]

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), defendants have moved to dismiss plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Defs.' Mot. to Dismiss [Dkt. # 14] ("Mot.") at 1.  Alternatively, defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56.  *Id*.  For the reasons set forth below and after review of the entire record,[3] the Court will grant defendants' motion to dismiss.

## BACKGROUND

On September 28, 2017, plaintiff, a United States citizen, filed for an immigrant visa for her spouse, Muhammad Zulqarnain ("Muhammad"), a citizen of Pakistan.  Compl. ¶¶ 16–17.  On February 28, 2018, plaintiff's Form I-130, Petition for Alien Relative, was approved by USCIS.  *See id*. ¶ 19.  USCIS forwarded it to the National Visa Center ("NVC"), situated within DOS,

---

2   Plaintiff's Request for Relief also calls for a declaration concerning the legality of a Department of Homeland Security policy, "Controlled Application Review and Resolution Program."  Request for Relief ¶¶ 2–4.  But while there are allegations in Count One that the policy contributed to the allegedly unlawful delay in processing the visa, Compl. ¶ 28, there is no specific claim in the complaint addressing the policy and whether or why it should have been subject to notice and comment rulemaking.  Count One is predicated on the provision in the APA that authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed[,]" 5 U.S.C. § 706(1), *see* Compl. ¶ 25, and it does not specify any other provision of the statute that may have been violated.

3   Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. [Dkt. # 14-1] ("Mem."); Pl.'s Opp. to Defs.' Mot. [Dkt. # 16] ("Opp."); Defs.' Reply to Pl.'s Opp. [Dkt. # 18] ("Reply").

and after processing, it was transferred to the United States Embassy in Islamabad, Pakistan. *Id.* ¶ 20.

On October 6, 2018, Muhammad submitted to a medical examination in accordance with 8 U.S.C. § 1201(d).[4] Mem. at 2; Decl. of Tiffany Derentz ("Derentz Decl.") [Dkt. #14-3] ¶ 3.[5] The physician who conducted the examination concluded that Muhammad had a Class A medical condition – specifically, one involving drug abuse or addiction. Mem. at 2. The consular officer declined the visa application on these grounds, finding Muhammad inadmissible pursuant to 8 U.S.C. § 1182(a)(1)(A)(iv), which renders "any alien . . . who is determined . . . to be a drug abuser or addict" inadmissible. *See also* Derentz Decl. ¶ 6.

On November 5, 2018, DOS conducted a visa interview with Muhammad. Compl. ¶ 21; *see also* Derentz Decl. ¶ 4. That same day, the consular officer refused Muhammad's visa application and requested additional documents. *See* 8 U.S.C. § 1201(g)(3) ("No visa or documentation shall be issued to an alien if . . . the consular officer knows or has reason to believe that such alien is ineligible to receive a visa or such other documentation under [8 U.S.C. § 1182]"); Derentz Decl. ¶ 5.

---

[4]     A medical examination of an alien seeking an immigrant visa, as is the case here, is required. 8 U.S.C. § 1201(d) ("Prior to the issuance of an immigrant visa to any alien, the consular officer shall require such alien to submit to a physical and mental examination in accordance with such regulations as may be prescribed.").

[5]     Tiffany Derentz is an attorney advisor in the Advisory Opinions Division of the Office of Legal Affairs of the Visa Office, Bureau of Consular Affairs, within DOS. Derentz Decl. ¶ 1. Her declaration is based on information pulled from the electronic Consular Consolidated Database, which contains the records of "immigrant and nonimmigrant visa applications adjudicated at consular posts abroad." *Id.*

More than a year later, on October 14, 2019, Muhammad submitted to another medical examination for purposes of obtaining his immigrant visa.[6]  Mem. at 2–3.  Again, the physician determined Muhammad had a Class A medical condition relating to drug abuse or addiction, rendering him inadmissible.  *Id.*; *see* 8 U.S.C. § 1182(a)(1)(A)(iv).  According to defendants, Muhammad has remained ineligible as of July 2020, *see* Mem. at 3; plaintiff has provided no information concerning whether Muhammad's Class A medical condition is resolved.

In her first claim for relief, plaintiff alleges that a decision in Muhammad's visa application has been unreasonably delayed, in violation of the APA, 5 U.S.C. § 555(b).[7]  *See* Compl. ¶ 24.  Specifically, plaintiff contends that defendants "refused to adjudicate Plaintiff's application and to issue the requested visa application" in a timely manner.  *Id.* ¶ 26.  In her second claim for relief, plaintiff alleges that the "combined delay and failure to act by Defendants has violated the due process rights of Plaintiff."  *Id.* ¶ 40.  Defendants have moved to dismiss for lack of subject matter

---

6   Muhammad likely waited a year to establish "full remission" from the Class A medical condition relating to drug abuse or addiction before submitting to a second medical evaluation.  *See* Mem. at 2, 3 n.1.  DOS's Foreign Affairs Manual ("FAM") states:

> The current version of the [Diagnostic and Statistical Manual of Mental Disorders] defines sustained, full remission as a period of at least 12 months during which no associated substance use or mental disorder or associated harmful behavior has occurred.  The panel physician has discretion to use their clinical judgment to determine if 12 months is an acceptable period of time for an individual applicant to demonstrate sustained, full remission.

9 FAM 302.2-7(B)(2)(b)(1), *available at* https://fam.state.gov/fam/09FAM/09FAM030202.html.  The record, however, does not indicate whether Muhammad again sought to establish "full remission" through a third medical examination in October 2020.

7   Section 555(b) states, in part, that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).

jurisdiction on the grounds that plaintiff's claims are moot and for failure to state a claim upon which relief can be granted.  Mem. at 4.

## LEGAL STANDARD

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *Food and Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction.").  "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'"  *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

### I. Plaintiff's claims are moot.

Plaintiff asks the Court to compel adjudication of Muhammad's visa application and her own "immigration benefit applications." Compl. at 9. Plaintiff asserts she "waited almost three years for a final decision on the visa application filed . . . in September of 2017." Opp. at 1. But DHS approved plaintiff's Form I-130 visa application, and a consular official has found Muhammad statutorily inadmissible pursuant to 8 U.S.C. § 1182(a)(1)(A)(iv), so the decision that plaintiff seeks to compel has already been made. Mem. at 2, 8.

Under Article III, federal courts may only decide "actual, ongoing controversies." *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 645–46 (D.C. Cir. 2016); *see also Clarke v. United States*, 915 F.2d 699, 700–01 (D.C. Cir. 1990), citing *Honig v. Doe*, 484 U.S. 305, 317 (1988). The D.C. Circuit has explained that if a plaintiff has already "obtained all the relief that [she] sought[,]" then "the court can provide no effective remedy," and the case is moot. *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013). This is because "[f]ederal courts lack

jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Id.*, citing *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).

Here, plaintiff filed her spouse's immigrant visa application, and five months later, the I-130 petition was processed by USCIS and approved by DHS. *See* Compl. ¶19; Mem. at 2, 11. Muhammad was interviewed by a consular officer within DOS, examined by a panel physician, and based on the results of the examination, was deemed inadmissible pursuant to 8 U.S.C. § 1182(a)(1)(A)(iv). *See* Mem. at 2–3. Because plaintiff asks this Court to grant relief already obtained from all defendants – a decision on her spousal visa application – the case is moot.

Plaintiff contends, though, that there is an exception to the mootness doctrine that would enable the Court to hear the case: "the exception for cases that are capable of repetition, yet evading review . . . ." *City of Houston, Tex. v. Dep't of Housing & Urban Dev.*, 24 F.3d 1421, 1429–30 (D.C. Cir. 1994) (internal quotation omitted). According to plaintiff, the matter is not moot because defendants "have not established that the wrongful behavior could not reasonably be expected to recur." Opp. at 8–9.

But this does not begin to satisfy the elements of the exception. A plaintiff bears the burden of demonstrating that "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009), citing *Clarke*, 915 F.2d at 704. Here, plaintiff does not address the first element, and in support of the second, she asserts only that "[d]efendants have made no representation that the wrongful behavior will cease." Opp. at 9. This speculation does not support a finding of the necessary reasonable expectation. Thus, plaintiff has failed to

show that "exceptional circumstance[s]" exist such that an exception to mootness is warranted. *Del Monte Fresh Produce*, 570 F.3d at 322.[8]

## II. The doctrine of consular nonreviewability bars plaintiff's claims.

Even if plaintiff's claims were not moot, the doctrine of consular nonreviewability would still shield the consular official's determination – that Muhammad is inadmissible – from this Court's review. The doctrine of consular nonreviewability prevents federal courts from reviewing "a consular official's decision to issue or withhold a visa . . . at least unless Congress says otherwise." *Baan Rao Thai Restaurant v. Pompeo ("Baan Rao")*, 985 F.3d 1020, 1024 (D.C. Cir. 2021). That is because determinations by consular officials finding aliens inadmissible "may implicate 'relations with foreign powers,' or involve 'classifications defined in the light of changing political and economic circumstances[.]'" *Trump v. Hawaii*, 138 S. Ct. 2392, 2418 (2018), quoting *Mathews v. Diaz*, 426 U.S. 67, 81 (1976). As a result, "such judgments are frequently of a character more appropriate to either the Legislature or the Executive." *Id.* at 2418–19 (internal quotation omitted).

---

8   Because the Court finds that plaintiff's claims are moot, it will deny plaintiff's related request for relief for "[a]ttorney's fees, legal interests, and costs . . . pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412." Request for Relief at 10 ¶ 9; *see Monzillo v. Biller*, 735 F.2d 1456, 1463 (D.C. Cir. 1984) (stating that a district court may decide whether to award attorneys' fees when the underlying controversy is moot).

Plaintiff asserts that a claim for damages "cannot become moot," Opp. at 8, but section 2412 is a statute for attorney's fees and costs, not damages. 28 U.S.C. § 2412; *see Willson v. Comm'r*, 805 F.3d 316, 321 n.2 (D.C. Cir. 2015) ("[A] plaintiff's attorney's fees claim cannot of its own accord keep alive any merits claim that would otherwise be moot."); *see also Emory v. United Air Lines*, 720 F.2d 915, 921 n.11 (D.C. Cir. 2013) ("[I]t is established in this Circuit that where the underlying controversy is moot, a request for attorneys' fees will not preserve the merits of that controversy for our consideration.") (internal quotation omitted).

A court may only review claims otherwise barred by the consular nonreviewability doctrine in one other circumstance: when an American citizen challenges the exclusion of a noncitizen and that exclusion violates the constitutional rights of the citizen. *See Saavedra Bruno v. Albright*, 197 F.3d 1153, 1163 (D.C. Cir. 1999). Because the Court finds that plaintiff's constitutional claim – that her due process rights have been violated by the consular official's determination – also fails, *see* Section III *infra*, she cannot avoid the impact of the rule.

Plaintiff maintains that the Court can intervene under the Administrative Procedure Act, Compl. ¶¶ 24–25, but that statute does not supply a recognized exception to the doctrine of consular nonreviewability.

First of all, plaintiff's allegation that the Court may "compel agency action unlawfully withheld or unreasonably delayed," *see* Compl. ¶ 25, citing 5 U.S.C. § 706(1), is, as noted above, moot. And second, plaintiff cannot seek judicial review of a consular official's decision under the APA because the doctrine of consular nonreviewability "predates passage of the APA," and it "represents one of the 'limitations on judicial review' unaffected by [the APA's right of review scheme]." *Saavedra Bruno*, 197 F.3d at 1160 (holding that judicial review of consular decisions under the APA is precluded by the consular nonreviewability doctrine).

The D.C. Circuit has explained, though, that a dismissal based on the doctrine of consular nonreviewability is on the merits, rather than for lack of subject matter jurisdiction. *See Baan Rao*, 985 F.3d at 1027–28. Thus, Federal Rule of Civil Procedure 12(b)(6) supplies an additional ground for the dismissal of this case.

### III.  Plaintiff's due process claim fails.

Finally, plaintiff asserts that her right to due process has been violated by the consular official's determination that Muhammad is statutorily inadmissible. Opp. at 14–16.

But a consular official's determination that a citizen's alien spouse is inadmissible does not deprive the citizen of due process guaranteed by the Constitution. *See Kerry v. Din*, 576 U.S. 86, 101 (2015) (holding that inadmissibility determination of citizen's spouse by consular official does not violate the Due Process Clause of the Fifth Amendment because the citizen was not deprived of "life, liberty, or property."). That is because "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976), quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

Here, plaintiff's visa application was approved, and her spouse was interviewed by DOS and submitted to a medical examination by the consular physician, at which point he was deemed statutorily inadmissible. Mem. at 2–3. Plaintiff is understandably frustrated and disappointed by this outcome, but there is some hope that with time, her husband will succeed in eliminating the obstacle to his admission. In the meantime, this Court is compelled to conclude that the process the family received met the requirements of the Constitution, and so plaintiff's due process claims must be dismissed, and they do not offer relief from the doctrine of consular nonreviewability.[9] *See Din*, 576 U.S. at 101.

---

9     In support of her position, plaintiff directs the Court to *Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013), which also involved agency adjudication of a plaintiff's I-130 visa application on behalf of an alien spouse. There, the Ninth Circuit held that the plaintiff had a protected procedural due process interest in the petition for immediate relative status. *Id.* at 1156. However, the Court emphasized that this was conditional upon a finding that both "the [plaintiff] and spouse beneficiary meet the statutory and regulatory requirements for eligibility." *Ching*, 725 F.3d at 1156.

    Here, Muhammad is statutorily ineligible for the visa under 8 U.S.C. § 1182(a)(1)(A)(iv). *See* Derentz Decl. ¶¶ 6–9. Because plaintiff's spouse has not met the "statutory and regulatory requirements for eligibility," no protected liberty interest exists that is entitled to due process protections.

## CONCLUSION

For these reasons, defendants' motion to dismiss, [Dkt. # 14], will be **GRANTED**.

A separate order will issue.

/s/ Amy B. Jackson<br>
AMY BERMAN JACKSON<br>
United States District Judge

DATE: March 26, 2021